THE STATE OF OHIO, APPELLEE, *v.* MARINOS. ▋

[Cite as State v. Marinos (1975), 45 Ohio App. 2d 312.]

(No. 7461—Decided February 12, 1975.)

Mr. *Stephan M. Gabalac*, prosecuting attorney, and *Mr. Fredric L. Zuch*, for appellee.

Mr. *William W. Bickett II*, for appellant.

MAHONEY, J. Ted Marinos operated a business from February to June of 1973. In this business he advertised in the newspaper for used refrigerators, freezers, washers, dryers and stoves which he would buy whether or not they were operable. According to his testimony, he then would make minor repairs to the appliances, clean them, and advertise them for sale in the newspaper with a 60 to 90 day guarantee.

On August 20, 1973, he was indicted on nine counts of larceny by trick, violations of R. C. 2907.21, to all of which he pled not guilty at his arraignment on September 21, 1973. On November 30, an information was filed by the prosecutor charging him with two additional counts of larceny by trick. After the waiver of indictment, he entered a plea of not guilty to each count. He informed the court

he was going to file a motion for severance and thereafter filed motions for severance and dismissal. The court overruled the motions and the cases were jointly tried to a jury. The jury returned verdicts of guilty as to ten of the counts, one being dismissed by the prosecution before trial. The defendant lodges this appeal claiming the following errors in the trial court.

"I. The trial court erred in overruling defendant's motions for a severance and separate trials on all counts contained in the information and indictment.

"II. The trial court erred in failing to admit into evidence defendant's exhibits A, B, and C and in not allowing defendant to introduce evidence of satisfied customers.

"III. The findings of the jury and court are not sustained by sufficient evidence."

## I.

In the ten counts contained in the indictment and information, all of the acts are alleged to 'have occurred between March 6 and June 2, 1973, and each prosecuting witness (except Wolfe) purchased an appliance from the defendant. We feel that the counts were of the same, or similar, character and, if true, could be considered as part of a course of criminal conduct under Crim. R. 8(A). Since the matters alleged all could have been contained in the same indictment, then the court could properly join the separate counts under the indictment and the information for trial pursuant to Crim. R. 13. The defendant's motion for severance under Crim. R. 14 was properly denied by the court as the defendant failed to show any prejudice from the joinder. Obviously, in the trial of any individual count, evidence of the other ten counts would be admissible under the "other acts" statute (R. C. 2945.59). See, *State* v. *Flonnory* (1972), 31 Ohio St. 2d 124. Accordingly, the first assignment of error is overruled.

## II.

We fail to find any error in the court's refusal to admit three cancelled checks into evidence which the defendant testified he gave to three dissatisfied customers during the same period of time as those counts in the indict-

ment. These, he claims, were refunds and were evidence of his good intentions and lack of criminal intent to defraud. The court admitted his testimony concerning the checks, but denied admission of the checks themselves. The checks, as physical exhibits, would only be cumulative to the oral testimony and their rejection was not in any way prejudicial to the defendant.

The court also excluded the proffered testimony of at least three persons, who, if called on behalf of the defense, would have testified that they were satisfied customers during the same period of time that the alleged frauds are said to have occurred. There is a conflict of authority in this country on whether a defendant may introduce similar acts to rebut the fraudulent intent charged against him in an indictment. See, 90 A. L. R. 2d 903. The trial court, when ruling upon the proffer, indicated that the evidence should be confined to the ten specific acts charged. That is the general rule with regard to the admission of proof of other acts or crimes for the purpose of showing that the defendant had committed the act with which he is charged. 15A Ohio Jurisprudence 2d 270, Criminal Practice and Procedure, Section 238.

However, Ohio has long permitted "other acts or crimes" as proof of scheme, motive, plan or design in those cases such as fraud where a specific intent is required. R. C. 2945.59; 15A Ohio Jurisprudence 2d 274, Criminal Practice and Procedure, Section 240. We are unable to find any reported state case in Ohio which has ruled on the question of whether the defendant may show "other acts or crimes" to rebut similar evidence by the state under R. C. 2945.59. We consider this a case of first impression. Before ruling, we deem it necessary to analyze the alleged frauds.

In the ten charges against him, the defendant failed to make delivery in five of them after receiving the money for the appliance (Lott, Benear, Greer, Chambliss, and Hines were the individuals who claimed to be defrauded). In two cases he made delivery, made repairs, and made service calls, but he never really satisfied the customers, Bostain

and Fernandez. In Armstrong's case, the defendant delivered the freezer, took it back for repairs and never returned it to Armstrong. He gave Armstrong a refund check which bounced for insufficient funds. In LaMonica's case, he made delivery and a later service call for repairs, but he failed to pick up the freezer for repairs in his shop. In the Wolfe case, the defendant never sold the freezer to Wolfe, but contracted to repair and guaranteed the repairs. The repairs were unsatisfactory to the Wolfes.

The prosecutor, in arguing against the motion for severance, stated that evidence of each transaction was necessary to show the defendant's course of criminal conduct in dealings with customers. Essentially, the state argued that between March 6, 1973, and June 2, 1973, the defendant, at the time he entered into contracts with people, intended to defraud them by one or more of five methods:

1. never making delivery of the appliance; or

2. never making repairs necessary to effect the guarantees offered; or

3. not picking up appliances to make repairs; or

4. not re-delivering appliances after he picked them up to repair them in his shop; or

5. contracting to make repairs and guarantee satisfactory operation of the appliance for a guaranteed period of time and making fraudulent minimal repairs.

The defense was that he was simply a "poor but honest" dealer who was a terrible businessman and inadequately capitalized to succeed. He desired to offer evidence of good intent by showing satisfactory transactions during the same period of time covered by these ten charges.

We hold that under the peculiar nature of these cases, where we have a joint trial on various alleged frauds arising out of the operation of a business, that it was prejudicial error for the trial court to exclude evidence of other acts and transactions during the same period of time, offered by the defense to rebut the evidence introduced by the state on the question of fraudulent intent.

### III.

We, therefore, conclude that the defendant is entitled

to a new trial. Accordingly, the judgment of conviction is reversed and the matter remanded to the Court of Common Pleas for further proceedings according to law.

*Judgment reversed.*

VICTOR, P. J., and HUNSICKER, J., concur.

HUNSICKER, J., retired, assigned to active duty under authority of Section 6(C), Article IV, Constitution.